## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

BROCK C. LYONS,                    )
                                   )
    Plaintiff,             )
                                   )
v.                                 )     CAUSE NO.: 4:15-CV-17-TLS
                                   )
LEATT CORPORATION,                 )
                                   )
    Defendant.             )

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss [ECF No. 8] filed by the

Defendant on April 24, 2015. For the reasons stated in this Opinion and Order, the Court will

grant in part and deny in part the Defendant's Motion.

## BACKGROUND

The Plaintiff, Brock C. Lyons, filed this action against the Defendant, Leatt Corporation,

on February 25, 2015 [ECF No. 1]. The Plaintiff is a resident of Indiana, and the Defendant is a

Nevada Corporation with its principal place of business in Nevada. According to the Plaintiff's

Amended Complaint [ECF No. 6], the Plaintiff suffered a serious bodily injury while wearing a

Moto GPX Sport Leatt-Brace (the "Brace"), which is designed, manufactured, and distributed by

the Defendant for motocross activities. The Plaintiff alleged that the Brace is the direct and

proximate cause of his injury.

The Plaintiff asserts five claims against the Defendant, including claims of strict liability

(Count I); breach of warranty (Count II); negligence (Count III); gross negligence/punitive

damages (Count IV); and deceptive and misleading advertising and marketing (Count V). On

April 24, 2015, the Defendant filed a Motion to Dismiss [ECF No. 8] and an accompanying

Memorandum in Support [ECF No. 9], arguing that all of the Plaintiff's claims should be dismissed for failure to state a claim. On May 26, 2015, the Plaintiff filed a Response [ECF No. 16], and on June 9, 2015, the Defendant filed a Reply [ECF No. 17].[1] The Motion is now fully briefed and ripe for ruling.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a

---

[1] The Court notes that on October 13, 2015, the Plaintiff filed a Motion for Leave of Court to Conduct Written Discovery [ECF No. 18]. On November 9, 2015, the United States Magistrate Judge denied the Plaintiff's Motion in light of the Defendant's pending Motion to Dismiss [ECF No. 8] and the lack of prejudice to the Plaintiff.

claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Additionally, when pleading fraud, the federal rules set a higher bar. Federal Rule of Civil Procedure 9(b) states that in fraud cases, "a party must state with particularity the circumstances constituting fraud." The Seventh Circuit has stated that Rule 9(b) "effectively carves out an exception to the otherwise generally liberal pleading requirements under the Federal Rules." *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co. of Chi.*, 927 F.2d 988, 992 (7th Cir. 1991). To satisfy the requirement of Rule 9(b), a plaintiff pleading fraud must state "the identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (internal quotation marks omitted) (quoting *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992)). Stated differently, a plaintiff pleading fraud must state "the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Additionally, "[c]ryptic statements suggesting fraud are not enough." *Graue Mill*, 927 F.2d at 992 (internal quotation marks and citations omitted). "Rather, pleadings must state the 'specific content of the false representations as well as the identities of the parties to the misrepresentation.'" *Id.* (citation omitted).

**DISCUSSION**

"A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits." *Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001) (citation omitted). Here, neither party disputes that the Court must apply the substantive law of Indiana.

**A.      Product Liability Claims (Counts I-IV)**

The Indiana Products Liability Act (IPLA), codified at Indiana Code §§ 34-20-1-1 *et seq.*, governs all actions that are: "(1) brought by a user or consumer; (2) against a manufacturer or seller; and (3) for physical harm caused by a product; regardless of the substantive legal theory or theories upon which the action is brought." Ind. Code § 34-20-1-1. A product may be defective within the meaning of IPLA because of a manufacturing flaw, a design defect, or a failure to warn of the dangers associated with the product's use. *Cook v. Ford Motor Co.*, 913 N.E.2d 311, 319 (Ind. Ct. App. 2009).

As to Counts I, III, and IV, which are claims framed in terms of strict liability and negligence, the Plaintiff claims that, while wearing the brace, he suffered damages because "the brace caused and/or failed to protect [the] Plaintiff from serious bodily injury." (Compl. ¶¶ 7, 20, 26.) The Defendant argues that dismissal is appropriate because common law product liability claims have been supplanted by IPLA, and alternatively, because the Plaintiff pleads insufficient facts to state a claim. While the Defendant is correct that IPLA subsumes both strict liability and negligence actions, *see Gardner v. Tristar Sporting Arms, Ltd.*, No. 1:09-CV-0671, 2010 WL 3724190, at *2 (S.D. Ind. Sept. 15, 2010), dismissal is improper here. First, when viewing the allegations in a light most favorable to the non-movant, the Plaintiff has satisfied the general

pleading standards by stating a plausible claim for relief—namely, that he suffered physical harm due to the Defendant's defective product.[2] Moreover, the Plaintiff specifically alleges that the product was defective due to a manufacturing flaw, design defect, and a failure to warn—claims that are all recognized under IPLA. *See In re Lawrence W. Inlow Accident Litig.*, Cause No. IP 99-0830-CH/K, 2002 WL 970403, at *12 (S.D. Ind. Apr. 16, 2002) (stating that IPLA governs all actions "for physical harm brought by a consumer against a manufacturer or seller of a product, regardless of the substantive legal theory") (citing *Chesnut v. Roof*, 665 N.E.2d 7, 10 (Ind. Ct. App. 1996). Accordingly, the Plaintiff's strict liability and negligence claims are properly treated as merged claims under IPLA. *See Atkinson v. P & G-Clairol, Inc.*, 813 F. Supp. 2d 1021, 1024 (N.D. Ind. 2011); *Cincinnati Ins. Cos. v. Hamilton Beach/Proctor–Silex, Inc.*, No. 4:05-CV-49, 2006 WL 299064, at *3 (N.D. Ind. Feb. 7, 2006); *Bourne v. Marty Gilman, Inc.*, No. 1:03–cv–1375, 2005 WL 1703201, at *3 n.2 (S.D. Ind. July 20, 2005).

The same is true for Count II, which is a claim framed in terms of a breach of implied and express warranty. (Compl. ¶ 15 (stating that the Defendant "made implied and express warranties that the brace was reasonably fit for the general uses and purposes intended and that it was free of any defects in its design or construction.").) As the Indiana Supreme Court has noted, "several federal district courts and other panels of the [Indiana] Court of Appeals have held that

---

[2]While the Amended Complaint does not specifically state, as it does in the Plaintiff's Response, that the Plaintiff suffered a spinal cord injury "while riding his dirt bike at Wildcat Creek MX Track in Rossville, Indiana and while wearing" the Defendant's brace, (Pl.'s Resp. 2), the Amended Complaint contains enough facts to put the Defendant on reasonable notice as to the nature of the Plaintiff's claims and to allow the Court "to draw the reasonable inference that the [D]efendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (2009) (citation omitted).

tort-based breach of warranty claims have been subsumed into the [IPLA]." *Kovach v. Midwest*, 913 N.E.2d 193, 197 (Ind. 2009); *see, e.g.*, *Atkinson*, 813 F. Supp. 2d at 1024; *Gardner*, 2010 WL 3724190, at *2–3; *Henderson v. Freightliner, LLC*, No. 1:02–cv–1301, 2005 WL 775929, at *3 (S.D. Ind. Mar. 24, 2005). Conversely, breach of warranty claims alleged under Indiana's Uniform Commercial Code (UCC) are deemed independent from IPLA. *Atkinson*, 813 F. Supp. 2d at 1024 (noting that the Indiana Supreme Court has established that different damages are available for a defective product under tort and contract law).

Here, despite the Plaintiff's use of language that may suggest a contract-based claim (i.e., "reasonably fit for the general uses and purposes intended"), the Amended Complaint contains no additional facts to support a breach of warranty claim based in contract. Notably, in his brief, the Plaintiff failed to respond to the Defendant's argument that the breach of warranty claim sounds in tort. As such, the Court will construe Count II as "an incorrectly labeled strict product liability claim," *see B & B Paint Corp. v. Shrock Mfg., Inc.*, 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991), and therefore, will treat Count II as merged with Counts I, III, and IV under IPLA.

Because Counts I-IV of the Plaintiff's Complaint are properly treated as merged under IPLA, the Defendant's request to dismiss such counts is denied.


**B.      Deceptive and Misleading Advertising (Count V)**

In Count V, the Plaintiff alleges that the Defendant violated Indiana's Deceptive Consumer Sale Act (IDCSA), Ind. Code § 24-5-0.5-1 *et seq.*, which provides remedies to consumers and the Indiana Attorney General "for practices that the [Indiana] General Assembly deemed deceptive in consumer transactions." *McKinney v. State*, 693 N.E.2d 65, 67 (Ind. 1998).

According to the Plaintiff, the Defendant made false representations related to the safety of the brace—or more specifically, the Defendant:

> [R]epresented that the brace would protect a rider from spinal cord injury, that the brace had been sufficiently tested and reviewed for safety, that the brace was safe for use with standard motocross gear, that the brace was safe for use for motocross activities, that the brace would not interfere with the movement needed for safe motocross riding, that the brace had certain medical expertise and other professional endorsement(s) behind its design and safety, and that the brace would not cause or exacerbate injury to the rider in the event of an accident.

(Compl. ¶ 33.) The Plaintiff claims that such representations were made "through its marketing, advertising and/or promotion of the brace, (*id.* ¶ 35), and that such representations constitute an "incurable deceptive act" under Ind. Code § 24-5-0.5-2. *See McKinney*, 693 N.E.2d at 68 (defining an incurable deceptive act as "'a deceptive act done by a supplier as part of a scheme, artifice, or device with intent to defraud or mislead'") (quoting Ind. Code § 24-5-0.5-2(8)).

Because an incurable deceptive act requires an intent to defraud, *id.* at 67, the Plaintiff must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). To satisfy Rule 9(b), the Plaintiff  must state "the identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Vicom*, 20 F.3d at 777; *Uni\*Quality*, 974 F.2d at 923; *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) ("Heightened pleading in the fraud context is required in part because of the potential stigmatic injury that comes with alleging fraud and the concomitant desire to ensure that such fraught allegations are not lightly leveled.").

Here, the Court agrees with the Defendant that the Plaintiff does not plead with sufficient particularity under Rule 9(b). While the Amended Complaint contains sufficient facts to

establish the identity of the speaker and the content of the alleged representations, it contains no facts as to when the statements were made, and only provides generalized statements as to where the representations were made, (Compl. ¶ 35 (stating that false representations were made "through marketing, advertising and/or promotion of the brace")), and how the Plaintiff relied upon them. *See Jasper v. Abbott Labs., Inc.*, 834 F. Supp. 2d 766, 773 (N.D. Ill. 2011) (dismissing IDCSA claim when the plaintiff, who alleged false representations in the Defendant's "marketing materials," failed to show when and where such marketing statements were made). Without more particularized facts, the Court cannot ensure that the Plaintiff's allegations of fraudulent intent are "not lightly leveled." *Pirelli*, 631 F.3d at 441.

Accordingly, Count V will be dismissed without prejudice, with leave to refile if the Plaintiff is able to successfully amend his complaint consistent with this Order within 14 days of the date of this Order. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (stating that the general rule is that "the district court should grant leave to amend after granting a motion to dismiss").

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART the Defendants' Motion to Dismiss [ECF No. 8]. Count V is DISMISSED WITHOUT PREJUDICE, with leave to refile within 14 days of the date of this Order.

SO ORDERED on November 10, 2015.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION